NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0483n.06

No. 15-5753

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 17, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JAVON MARSHALL, et al., | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE MIDDLE |
| ESPN, et al., | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendants-Appellees. | ) |

Before: BATCHELDER and KETHLEDGE, Circuit Judges; and LEVY, District Judge.[*]

KETHLEDGE, Circuit Judge. To state the plaintiffs' theory in this case is nearly to refute it. The theory begins with the assertion that college football and basketball players have a property interest in their names and images as they appear in television broadcasts of games in which the players are participants. Thus, the plaintiffs conclude, those broadcasts are illegal unless licensed by every player on each team. Whether referees, assistant coaches, and perhaps even spectators have the same rights as putative licensors is unclear from the plaintiffs' briefs (and, by all appearances, to the plaintiffs themselves). In any event, the plaintiffs seek to assert claims under Tennessee law, the Sherman Act, and the Lanham Act on behalf of a putative class of collegiate players nationwide. The defendants—various college athletic conferences and television networks, among others—responded in the district court with a motion to dismiss, which the court granted in a notably sound and thorough opinion.

---

[*] The Honorable Judith E. Levy, United States District Judge for the Eastern District of Michigan, sitting by designation.

To that opinion we have little to add. The plaintiffs claim that, under Tennessee statutory and common law, college players have a "right of publicity" in their names and images as they might appear in television broadcasts of football or basketball games in which the plaintiffs participate. But that argument is a legal fantasy. Specifically, the plaintiffs' statutory claim under the Tennessee Personal Rights Protection Act is meritless because that Act expressly permits the use of any player's name or likeness in connection with any "sports broadcast." Tenn. Code Ann. § 47-25-1107(a). And the plaintiffs' common-law claim is meritless, as the district court rather patiently explained, because the Tennessee courts have never recognized any such right and because, in the meantime, the Tennessee legislature has spoken to the issue directly.

The plaintiffs' case goes downhill from there. Their claim under the Sherman Act is that the various defendants have engaged in a horizontal scheme to fix at zero the price of the plaintiffs' putative rights to license broadcasts of sporting events in which the plaintiffs participate. That claim is meritless because, as shown above, those putative rights do not exist. That leaves the plaintiffs' claim under the Lanham Act, whose relevant provision bars the unauthorized use of a person's name or likeness in commerce when doing so "is likely to cause confusion" as to whether the person endorses a product. 15 U.S.C. § 1125(a)(1)(A). The theory here is that if, say, ESPN shows a banner for "Tostitos" at the bottom of the screen during a football game, then consumers might become confused as to whether all the players on the screen endorse Tostitos. Suffice it to say that ordinary consumers have more sense than the theory itself does.

The district court's judgment is affirmed.